Honorable Richard G. Morales, Sr. Webb County Attorney 1810 San Bernardo Laredo, Texas 78040
Re: Whether a teacher with the Laredo Independent School District is disqualified from serving on the Coordinating Board, Texas College and University System or the State Board of Education
Dear Mr. Morales:
You have asked whether a teacher from the Laredo Independent School District is disqualified from serving on the Coordinating Board of the Texas College and University System by section 61.022 of the Texas Education Code, whether section 11.22 of the code disqualifies a teacher employed by Laredo Junior College from serving on the State Board of Education, and, in the event the answers to the above questions are yes, whether either section 11.22 or 61.022 violates the civil rights of a teacher or is a deprivation of equal protection.
Section 61.022 of the Texas Education Code is very specific on the issue of educators serving on the Coordinating Board of the Texas College and University System. It states, in relevant part:
 No member may be employed professionally for remuneration in the field of education during his term of office.
The statute is plain and unambiguous; the literal meaning must be given to the words. Attorney General Opinion MW-198 (1980). A teacher works in the `field of education' and is therefore disqualified from service on the Coordinating Board of the Texas College and University System.
Section 11.22 of the Texas Education Code provides the qualifications for membership on the State Board of Education. Section 11.22(b) states:
 No person shall be eligible for election to or serve on the board if he holds an office with the State of Texas or any political subdivision thereof, or holds employment with or receives any compensation for services from the state or any political subdivision thereof (except retirement benefits paid by the State of Texas or the federal government), or engages in organized public educational activity. (Emphasis added).
Laredo Junior College is a public junior college. Educ. Code § 61.003(2). A teacher at Laredo Junior College receives compensation from a political subdivision of the state and takes part in and `organized public educational activity.' The language of the statute is clear and capable of no other interpretation; any person who fits into one of the listed categories is barred from service on the State Board of Education. See Attorney General Opinion M-1290 (1972).
It has been argued that the 1972 amendment to article XVI, section 40 of the Texas Constitution liberalized the application of incompatibility provisions in the constitution, the statutes, and the common law. However, the amendment makes only the following exception:
 State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employee or other individuals shall receive no salary for serving as members of such governing bodies. (Emphasis added).
Members of both the State Board of Education and the Coordinating Board of the Texas College and University System are state officers. See Educ. Code §§ 11.24, 61.021, 61.022; Freeman v. Dies, 307 F. Supp. 1028
(N.D.Tex. 1969). The exception to dual office office holding is limited to state employees serving in specified local offices. Attorney General Opinion MW-149
(1980). See also Attorney General Opinion H-739 (1975); WW-165 (1957).
Since our answer to your question is that service on the two state boards is prohibited, we must determine if this prohibition violates the civil rights of, or deprives equal protection to, a teacher so barred.
The federal civil rights act has never been held to apply to the `right to candidacy.' See, e.g., Bullock v. Carter, 405 U.S. 134 (1972). See 42 U.S.C. § 1981, Notes of Decisions.
We turn to the equal protection issue. We note initially that section 11.22(b) of the Texas Education Code prohibits a described class of persons from seeking a particular elective office. Section 61.022, on the other hand, merely limits the group from which the governor may appoint a coordinating board member to persons who will not be `employed professionally for remuneration in the field of education' during the term of office. We will discuss section 11.22(b) first.
The Supreme Court has upheld election laws which classified candidates for purposes of access to the ballot on the ground that the classification served an `important state interest.' Jenness v. Fortson, 403 U.S. 431
(1971) (petition procedure for independent candidates who had not won party primary). Compare Bullock v. Carter, supra (statute denying ballot access on basis of candidate's ability to pay large filing fees must be `closely scrutinized'). The existence of barriers to candidate access to the ballot will compel close scrutiny where such barriers have a substantial impact on voters, and where this impact is related to the economic resources of the candidate and electorate. Bullock v. Carter, supra, at 144.
State laws which restricted political candidacies of public employees, without discriminating on the basis of economic resources or other such impermissible considerations, have been subject to the `traditional' or `rational basis' standard of review. Morial v. Judiciary Commission of Louisiana, 565 F.2d 295 (5th Cir. 1977), cert. denied, 435 U.S. 1013 (1978); Wilson v. Moore, 346 F. Supp. 635 (N.D.W. Va. 1972). Such restrictions on public employees do not violate the equal protection clause unless they are unreasonably and obviously arbitrary and unless no conceivable factual situation would justify the apparently unequal treatment. Wilson v. Moore, supra, at 639. See also Morial v. Judiciary Commission of Louisiana, supra, at 304-06; Annot., 59 L.Ed.2d 852 (1979); Annot., 44 A.L.R. Fed. 306 (1979).
In our opinion, section 11.22 of the Education Code is subject to rational basis scrutiny, and a rational basis for its restrictions can be shown. Section 11.22(b) prohibits service on the State Board of Education by any person who holds office with the state or a political subdivision, or who receives compensation from any such governmental body. Letter Advisory No. 56 (1973) noted that under this provision a State Board of Education member represents a particular district in addition to serving as a state official whose Decisions have statewide effect. His duties are therefore twofold, allowing less time for other public activities and offering more opportunities for conflict of interest to arise. Moreover, the extensive activities of a member of the State Board of Education could create conflicts of interest if he served the state or a political subdivision as an officer or employee, or received any compensation therefrom. See also Educ. Code §§ 135.03, 135.04 (State Board of Education approves junior college vocational education programs); Attorney General Opinion H-580 (1975). These interests provide a rational basis for section 11.22(b) of the Education Code.
Section 61.022 of the Texas Education Code prevents the appointment to the Coordinating Board of any person `employed professionally for remuneration in the field of education during his term of office.' This provision, which concerns an appointive office, does not restrict anyone's candidacy to elective office or have an impact on the electrate's choice of a candidate. Since the voters' and candidate's interests form the basis of equal protection attacks on ballot access requirements, the Supreme Court cases on this subject are not necessarily applicable. Section 61.022 need only meet the usual rational basis test. If any state of facts will sustain the statute, it will be presumed the legislature had those facts in mind when it enacted statute. McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802 (1969); Ex parte Tigner,132 S.W.2d 885 (Tex.Crim.App. 1939).
The Coordinating Board has considerable direct control over state institutions of higher education, including junior colleges. Educ. Code §§ 61.051-.0631. It is also required to encourage cooperation between public and private institutions, and to consider the availability of degree and certificate programs in private institutions of higher education in determining programs for public institutions. Educ. Code § 61.064. Thus, even an educator employed by a private institution of higher education could find that his responsibilities as a member of the Coordinating Board conflict with his interests in his employment. The Coordinating Board also is empowered to order the initiation, consolidation, or elimination of teacher certification programs at institutions of higher education. Educ. Code § 61.051(e). See also Educ. Code § 13.039(a). This power would have some impact on the supply of teachers for public elementary and secondary schools and the private institutions that compete with them. Consequently, we believe there is a rational basis for the prohibition in section 61.022, and that it does not violate the equal protection clause.
 SUMMARY
Section 61.022 of the Texas Education Code prohibits teachers employed by school districts from serving on the Coordinating Board of the Texas College and University System; section 11.22 of the code bars teachers employed in a public junior college from serving on the State Board of Education. The classifications created by the legislature do not violate the civil rights of, or deprive equal protection to, a teacher so barred.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Patricia Hinojosa Assistant Attorneys General